UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEONTAE WILLIAMS,
    Plaintiff,

vs.                                                  Case No.:  3:22cv279/TKW/EMT

ALLISON FORD,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Deontae Williams (Williams), an inmate of the Florida Department of Corrections (FDOC) proceeding pro se and in forma pauperis (IFP), commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented, it is the opinion of the undersigned that Williams' federal claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Additionally, Williams' state law claims should be dismissed without prejudice to his pursuing them in the state courts.

I.    BACKGROUND

Williams names Allison Ford, a classification officer at Okaloosa Correctional Institution, as the sole Defendant in this case (ECF No. 1 at 1–3).[1] Williams claims Defendant Ford violated his rights under the Fourteenth Amendment, the Florida Constitution, the Florida Administrative Code, and the Universal Declaration of Human Rights by delaying providing Williams a copy of his inmate account statement for filing in another federal civil rights case currently pending in this Court (*see id.* at 6, 8, 15–17). As relief, Williams seeks punitive damages in the amount of $350,000 (*id.* at 8).

## II.  RELEVANT LEGAL STANDARDS

### A.  Statutory Screening Standard

Because Williams is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice.[2] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

---

[2] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc). "In order to fulfill these safeguards, a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (internal quotation marks omitted and alteration adopted). Rule 201 does not require courts to warn parties before taking judicial notice of some fact; but, upon the party's request, it does require an opportunity to be heard after the court takes notice. Fed. R. Evid. 201(e).

Williams is hereby advised that if he disputes the accuracy of the facts taken from the sources identified in this Report and Recommendation, or if he otherwise wishes to be heard on the propriety of the court taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks and citation omitted). Stated succinctly,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

### B. First Amendment Access-to-Courts Standard

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991). However, as established in *Lewis*, to successfully allege a constitutional violation based upon a denial of access to courts, a plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. 518 U.S. at 349. The type of prejudice that an inmate must show is that which hindered his ability to bring a claim to court; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* The plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate basic

constitutional rights." *Id.* at 354–55 (internal quotation marks omitted). Furthermore, the plaintiff must allege actual injury, "such as a denial or dismissal," and show that presentation of his case was impeded because of the defendant's actions. *Wilson*, 163 F.3d at 1290–91 (citing *Lewis*); *see also Bass v. Singletary*, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as the plaintiff was able to litigate his claim, he cannot demonstrate he was unconstitutionally denied access to the courts. *Wilson*, 163 F.3d at 1291. Moreover, the plaintiff cannot show an injury unless he shows the case he was unable to pursue had arguable merit. *Lewis*, 581 U.S. at 353 n.3; *Wilson*, *supra*.

### III. WILLIAMS' FACTUAL ALLEGATIONS

The following facts are taken from Williams' Complaint, the attachments to the Complaint, and the court's docket in *Williams v. Inch*, Case No. 3:21cv1838/LAC/EMT, another civil rights case filed by Williams in this Court.

Williams commenced Case No. 3:21cv1838/LAC/EMT on October 25, 2021. *See Williams v. Inch*, Case No. 3:21cv1838/LAC/EMT, Complaint, ECF No. 1 (N.D. Fla. Nov. 1, 2021). On November 9, 2021, the court issued an order directing Williams to either pay the $402.00 filing fee or file a completed IFP motion (including an attached printout of the transactions in his inmate account for the

preceding six-month period) within thirty days. *Id.*, Order, ECF No. 3 (N.D. Fla. Nov. 9, 2021).

On or about November 11, 2021, Williams submitted requests to the Classification Department and the Inmate Trust Account Department for a certified copy of his inmate account statement covering the preceding six-month period (ECF No. 1 at 6, 15–17). On November 22, 2021, Williams submitted a second request for his inmate account statement (*id.* at 16). Williams directed his request to Defendant Ford (*id.*). By November 27, 2021, Williams still had not received a response to his inmate requests, therefore, he filed an informal grievance to Defendant Ford, complaining he had not received his account statement and had less than thirty days to file it with the court (*id.*). Williams requested a certified copy of his inmate account statement and assignment to a different classification officer (*id.*).

Defendant Ford received Williams' informal grievance on November 29, 2021, and responded to it on December 6, 2021 (*see* ECF No. 1 at 16).[3] Defendant Ford stated she had not previously received Williams' request for an inmate account

---

[3] The Florida Administrative Code requires the responding prison official to provide a written response to an informal grievance within 15 calendar days of receipt of the informal grievance. *See* Fla. Admin. Code r. 33-103.011(3)(a).

Case No.:  3:22cv279/TKW/EMT

Page 8 of 13

statement but was attaching it in light of Williams' assertion that he had an impending court deadline (*id.*).[4]

In the meantime, Williams filed a motion for extension of time in Case No. 3:21cv1838/LAC/EMT. *Williams*, Case No. 3:21cv1838/LAC/EMT, Motion for Extension of Time, ECF No. 4 (N.D. Fla. Dec. 1, 2021). The court granted Williams' motion on December 7, 2021, and extended his IFP filing deadline to thirty days from that date. *Id.*, Order, No. 5 (N.D. Fla. Dec. 7, 2021).

Williams filed his IFP motion, including his inmate account statement, on December 13, 2021, prior to expiration of the court-ordered deadline. *Williams*, Case No. 3:21cv1838/LAC/EMT, Motion to Proceed In Forma Pauperis, ECF No. 6 (N.D. Fla. Dec. 14, 2021). The court granted Williams' IFP motion on December 15, 2021. *Id.*, Order (N.D. Fla. Dec. 15, 2021).

IV. DISCUSSION

    A. **Williams Cannot State a Plausible Access-to-Courts Claim**

---

[4] Before Williams received Defendant Ford's response, Williams submitted an administrative appeal to the FDOC's Central Office (ECF No. 1 at 17). The Central Office returned Williams' appeal without action for failure to comply with the administrative grievance process set forth in Chapter 33-103 of the Florida Administrative Code, and because institutional records reflected that all of Williams' grievances were either answered or pending a response within the time frame provided in Chapter 33-103 (*id.* at 18).

Case No.: 3:22cv279/TKW/EMT

As previously noted, Williams claims Defendant Ford violated his right to access the courts by deliberately delaying the provision of his inmate account statement. However, Williams cannot satisfy the actual injury requirement of a First Amendment claim, because the alleged delay did not result in denial or dismissal of his civil rights case. As previously noted, the court granted Williams' request for additional time to file an IFP motion, and then subsequently granted his IFP motion. Therefore, the undersigned recommends that Williams' First Amendment claim be dismissed with prejudice.

### B. Williams Cannot State a Plausible Claim Under the Universal Declaration of Human Rights (UDHR)

Williams also asserts a claim under the UDHR (*see* ECF No. 1 at 8). The UDHR is a declaration adopted by the United Nations following World War II. *See* Universal Declaration of Human Rights 1948, G.A. Res. 217A (III), U.N. Doc. A/180 at 71 (1948). The rights secured by the UDHR are not enforceable under federal law. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[The UDHR] does not of its own force impose obligations as a matter of international law."); *see also, e.g., Freeze v. Sawyer*, 808 F. App'x 860, 864–65 (11th Cir. 2020) (holding that plaintiff could not maintain § 1983 claim against employees of state civil commitment center for alleged violations of the UDHR) (citing *Sosa*, *supra*); *Moore*

*v. McLaughlin*, 569 F. App'x 656, 660 (11th Cir. 2014) (upholding dismissal of § 1983 action alleging violations of UDHR rights because "[t]he rights secured by the [UDHR] are not federal rights.") (citing *Sosa*, *supra*).

Williams cannot not state a plausible § 1983 claim based on alleged violations of the UDHR. Therefore, the undersigned recommends dismissal of this claim with prejudice.

### C. Williams' State Law Claims Should Be Dismissed Without Prejudice To His Pursuing Them In State Court.

Williams asserts claim under the Florida Constitution and Florida Administrative Code (*see* ECF No. 1 at 8).

It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental

jurisdiction. *See Baggett*, 117 F.3d at 1353 (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claims asserted by Williams should be dismissed to permit him to pursue them in a more appropriate forum. While it would be convenient for Williams to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Williams' state claims and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); *Artis v. District of Columbia*, 138 S. Ct. 594, 597–98 (2018). Thus, Williams' state law claims are tolled while they are pending in

federal court, and Williams has thirty days after dismissal by the federal court to re-file in state court. *See Artis*, *supra*; *Krause v. Textron Fin. Corp.*, 59 So. 3d 1085 (Fla. 2011). Therefore, Williams' pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

V.   CONCLUSION

Williams' factual allegations fail to state a plausible federal claim against Defendant, and there is no indication that providing Williams an opportunity to amend his complaint would produce a pleading that states a plausible federal claim. Therefore, the undersigned recommends that Williams' federal claims be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The undersigned recommends that Williams' state law claims be dismissed without prejudice to his pursuing them in a state forum.

Accordingly, it respectfully **RECOMMENDED**:

1.   Plaintiff's federal claims be **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.   Plaintiff's state law claims be **DISMISSED without prejudice** to his pursuing them in a state forum.

3. The clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 11th day of January 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**